## M'Cafferty *v.* M'Cafferty.

In the case of a cross-bill by a wife against her husband for a divorce and alimony, the husband offered a witness whose competency was objected to because the husband had conveyed to the witness a tract of land, which, it was alleged, might be reached by the wife if she should obtain alimony, and if the conveyance had been made to defraud her. *Held*, that the objection was untenable.

A wife does not, by obtaining a divorce on account of the misconduct of her husband, become entitled to dower, under the act of 1843, in land aliened by her husband before the passage of the act.

On the trial of a suit for a divorce where the charge is adultery, the complainant may prove the offence, though he had known of its existence more than two years before the suit was instituted; and the defendant may prove the *scienter* in defence.

*Friday, November 27.*

ERROR to the *Montgomery* Circuit Court.

DEWEY, J.—This was a bill brought by the plaintiff in error against his wife for a divorce. The cause of divorce alleged in the bill is, that the wife abandoned her husband for more than two years, with the intention of not returning to him. The wife filed an answer and cross-bill. She denied voluntary abandonment of her husband, and alleged that she left him in consequence of his own misconduct (specifying it), which rendered it improper and unsafe for her to live with him. In her cross-bill, she charges as causes of divorce in her behalf, first, repeated acts of adultery by her husband at various times and places (designating them); secondly, inhuman treatment and personal violence upon her (specifying the acts); thirdly, habitual drunkenness. The cross-bill prays for a divorce and alimony. The complainant answer-

ed the cross-bill by a general denial of all its allegations. The cause was submitted upon the bill, the answer, and cross-bill, the answer to the cross-bill, and verbal proof. The Court overruled the prayer of the complainant for a divorce, but granted a divorce "for the causes alleged" in the cross-bill, and decreed 300 dollars to the wife for alimony, payable in three annual instalments, and costs against the complainant.

On the trial, the complainant produced two persons and proposed to swear them as witnesses: an objection was made to their competency; and in support of the objection, it was proved that the complainant had conveyed to them certain tracts of land, one tract by a deed dated in 1842, and the other tract by a deed dated in 1843. The objection prevailed, and the witnesses were rejected. The defendant, the wife, offered testimony tending to prove that the complainant, four or five years before the filing of the cross-bill, committed adultery with a certain person. The complainant objected to the testimony, and in support of his objection produced and read to the Court a bill for a divorce, which had been, some years before, filed by the defendant against him, alleging as the cause of divorce adultery between him and the same person. The objection was overruled, and the testimony admitted.

The defendant in error places her justification of the decision of the Circuit Court, in rejecting the two witnesses offered by the complainant, on the ground that they were interested.

She contends, in the first place, that they were interested to prevent a decree for alimony, because, if alimony were allowed, and if the conveyance to them had been made for the purpose of defrauding the wife, their deeds would be liable to be set aside in a subsequent contest for the property so fraudulently conveyed. Allowing this inference to be just, the interest of the witnesses in the result of this suit, or in the record, is too remote and contingent to exclude their testimony.

Secondly, it is contended that these persons were interested to prevent a divorce for the misconduct of the husband, their grantor, because, in the event of such a decree, the de-

Nov. Term, 1846.

M'CAFFERTY
v.
M'CAFFERTY.

Nov. Term,
1846.

M'CAFFERTY
v.
M'CAFFERTY.

fendant, the wife, was entitled to dower in the premises conveyed to them. This position is founded upon the statute which provides, that "whenever a divorce shall be decreed on account of the misconduct of the husband, the wife shall be entitled to dower in his lands, in like manner as if he were dead." R. S. 1843, p. 604. Whether this statute gives the wife, who has procured a divorce, dower in lands of which the husband was seised during coverture, and which he aliened subsequently to the passage of the act, it is not necessary now to decide. But it is certain, we think, that it cannot affect a title procured from the husband prior to the enactment of the law. The deeds to the witnesses in this cause are older than the statute; and when they were executed, the right of dower could be perfected in the wife only on the contingency of her surviving her husband. The grantees took a title perfect against her, except upon the happening of that event. Such was the force and obligation of their deeds; and to that extent they held a vested right in the lands conveyed to them. To subject these lands, by a subsequent law, to the right of dower upon the happening of some other event, would not only be depriving the owners of a vested right, but it would also be impairing the obligation of the grant or contract under which they hold that right. To do this is beyond the constitutional power of the legislature. We do not apprehend, however, that it was the design of the legislature that the statute should have such an effect. The granting a divorce, therefore, could have no bearing upon the interest of the witnesses in this cause.

. The Circuit Court erred in rejecting the witnesses.

The decision in admitting testimony that the complainant had committed adultery with a certain person was right. The objection made to this testimony is founded on the provision of the statute, that "where adultery is alleged and established as a cause of divorce," the Court shall deny a divorce, if the suit shall not have been brought within two years after the party complaining of the adultery discovered it. R. S. 1843, p. 602. It is contended by the plaintiff in error that the evidence was inadmissible, because the party offering it knew of the offence proposed to be established by it more than two years before suit instituted, (which in this

cause was the filing of the cross-bill). We do not think the statute will bear this construction. On the contrary, its very language presupposes that the offence is to be established in the first place. The *scienter* may constitute a defence by one party, but it can be no reason why the other party should not make out a *prima facie* case.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*H. S. Lane* and *S. C. Willson*, for the plaintiff.

*R. C. Gregory*, for the defendant.