BOYD *vs.* HARRISON.

| 36 | 533 |
| 108 | 559 |

[ACTION BY WIDOW, AGAINST 'HUSBAND'S ADMINISTRATOR, TO RECOVER RENTS OF DWELLING-HOUSE.]

1. *What law governs right of dower.*—The widow's right of dower is governed by the law which was of force at the time of the husband's death, and not by that which was in existence at the time of the marriage, or of the husband's acquisition of the land.

2. *When widow is entitled to dower.*—Under the Code, (§ 1354,) the widow is not entitled to dower in lands which were bought by her husband at an administrator's sale, but of which he never received any conveyance, not having made full payment of the purchase-money at the time of his death.

3. *Estoppel against administrator from denying intestate's seizin.*—In an action by the widow, against the husband's administrator, to recover the rents of the dwelling-house in which the husband most usually resided next before his death, (Code, § 1359,) the defendant is not estopped from denying that his intestate had such title to the premises as is necessary to support the action.

4. *Estoppel by record.*—In proceedings before the probate court, on the petition of a widow, for the allotment of her dower, the mere fact that the husband's administrator is named as a defendant in the marginal statement of the parties' names, and a decree for costs rendered against him, is not sufficient to show that he was a party; consequently, the record is not admissible evidence against him, in a subsequent action by the widow for the recovery of rents, and does not estop him from denying the husband's seizin of the lands.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by Mrs. Lucy A. Harrison, the widow of Reuben Harrison, deceased, against Wm. E. Boyd, who was the administrator *de bonis non* of said Reuben Harrison, to recover the rents of the dwelling-house and plantation on which the decedent most usually resided next before his death, from the 1st January, 1853, to the 1st March, 1857; and was commenced on the 9th July, 1858, immediately after the decision of the former case between these parties.—*Ante,* p. 203. The

Boyd v. Harrison.

defendant pleaded, in short by consent—1st, non assump-sit; 2d, payment; 3d, set-off; and, 4th, a special plea, averring that the intestate, at the time of his death, "was not in possession of any real estate in which the plaintiff was entitled to dower." The plaintiff replied the statute of limitation of three years to the 3d plea, and took issue on the others.

.The material facts of the case are these: The plaintiff and Reuben Harrison were married in the year 1846. The lands of which rent is claimed in this suit, and which constituted the homestead plantation of said Reuben Harrison at the time of his death, were purchased by him on the 20th February, 1849, at a sale made by the administrator of Richard B. Harrison, deceased, under an order of the probate court; his note, with surety, being given for the purchase-money. The sale was reported to the probate court, and was confirmed by that court at its June term, 1849; and it was at the same time ordered, "that the administrator make title to the purchasers, &c." Reuben Harrison died on the 29th May, 1854, without having paid any portion of the purchase-money, which was afterwards paid by the defendant as his administrator. There was no evidence that a conveyance of the land was ever executed under the order of the probate court: on the contrary, the administrator *de bonis non*, by whom the note for the purchase-money was collected, testified, "that he had never executed any titles for said lands, and did not know that any titles had been made by the administrator in chief." After the death of Reuben Harrison, the plaintiff continued to reside in the dwelling-house on the plantation, and was supplied with all the necessaries for herself and family that were raised on the plantation. The lands were cultivated, during the years 1855 and 1856, by the slaves belonging to the estate; the crops were received by the defendant, and the proceeds were applied by him in payment of the debts of the estate.

The plaintiff offered in evidence a record of the probate court, showing the proceedings had on her petition for dower. The petition was filed on the 22d December,

1856, and alleged the husband's seizin of the lands at the time of his death. On the same day, the court ordered a writ of dower to be issued to the sheriff, returnable on the 2d Monday in February then next. The decree of the court, which is without date, sets out the report of the commissioners, and confirms it; directs the sheriff to put the petitioner in possession of the lands allotted to her, and orders the administrator to pay the costs of the proceeding out of the estate. The case is entitled in the margin, " Lucy A. Harrison, widow, v. William E. Boyd, adm'r of Reuben Harrison, deceased ;" but the record does not otherwise show that the administrator was a party to the proceeding. The defendant objected to the admission of the record as evidence, and reserved an exception to the overruling of his objection.

"There being no conflict in the evidence, the defendant asked the court to instruct the jury, that if they believed the evidence, they must find for the defendant." The court refused to give this charge, and then instructed the jury, " that if they believed from the evidence that Reuben Harrison was in possession of the plantation at the time of his death, cultivating and claiming the same as his own, and there was no other evidence as to what title he had, it would be presumed from these facts that he had such a title as would entitle his widow to dower therein." This charge, together with the refusal of the charge asked, and the rulings of the court on the evidence, to all of which exceptions were reserved by the defendant, is now assigned as error.

D. S. TROY, for appellant.—1. In the former case between these same parties, and on the same facts that are presented by the present record, this court decided, that the plaintiff was not entitled to recover rents, unless she was entitled to dower; and that she was not entitled to dower under the Code.—See the former opinion. As the Code was of force at the time of the husband's death, its provisions must govern the plaintiff's right to dower. Reynolds v. Reynolds, 24 Wendell, 193 ; Saul v. Credi-

Boyd v. Harrison.

tors, 5 Martin's (La.) R. 569; Harrison v. Harrison, 19 Ala. 499; Story on Conflict of Laws, §§ 280, 281.

2. If the plaintiff's right to dower is to be determined by the former law, her claim is equally unfounded, as her husband did not have the legal title to the land, and had not paid the purchase-money.—Authorities collected in Reavis' Digest, 459; Shepherd's Digest, 142.

3. The defendant was no party to the proceedings in the probate court for the allotment of the plaintiff's dower; consequently, he was not thereby estopped, nor was the record admissible evidence against him.—Shepherd's Digest, 134, 576.

J. D. F. WILLIAMS, with D. W. BAINE, contra.—1. The plaintiff's rights are to be determined by the act of 1812, which was of force at the time of the marriage. Marriage is a valuable consideration; and one of the conditions of the marriage was, that she should be dowable of all lands possessed by her husband at that time, or afterwards acquired during the coverture; and that was a vested right, which is not affected by the Code.—1 Bright on H. & W. 324-5; Harrison v. Harrison, 19 Ala. 508.

2. After the husband's purchase of the lands at administrator's sale, his compliance with the terms of the sale, the confirmation of the sale by the probate court, and its order to the administrator to make titles to him, the heirs-at-law were seized in trust for his use, and his widow was entitled to dower.—Clay's Digest, 157, § 36; ib. 229, §§ 45, 46. On these facts, Reuben Harrison might have compelled a conveyance by the administrator in equity; and, as the vendor's lien was destroyed by the personal security given for the purchase-money, the heirs could not have recovered the possession from him, because he could have enjoined them in equity.—Foster v. Athenæum, 3 Ala. 302; Gilman v. Brown, 4 Wheaton, 290.

3. On the same facts, the plaintiff was equally dowable under the second subdivision of section 1354 of the Code. Moreover, since the administrator was authorized and required, both by the statute and the order of the court, to make a deed to the purchaser, it must be presumed

Boyd v. Harrison.

that he did his duty; and, as the plaintiff was not the proper custodian of the deed, it was not necessary that she should either produce it, or account for its absence. The existence of the deed being presumed, the plaintiff's right to dower is clear under the first subdivision of said section 1354.

4. The defendant, being the administrator of Reuben Harrison, will not be permitted to deny or dispute the seizin of his intestate.—Hitchcock v. Harrington, 6 Johns. 293; Collins v. Torry, 7 ib. 281; Hitchcock v. Carpenter, 9 ib. 344; Norwood v. Marrow, 3 Dev. & Bat. 448; Torrence v. Carbry, 27 Miss. 697; Randolph v. Doss, 3 How. (Miss.) 214.

5. The plaintiff's right to dower in these lands was already adjudicated by the probate court; and, as the defendant was a party to that proceeding, he was estopped by the decree.—Chamberlain v. Gaillard, 26 Ala. 504.

A. J. WALKER, C. J.—The law existing at the husband's death must govern the question of the widow's right to dower. It is competent for the legislature to modify the law on the subject of dower, in a manner unfavorably affecting the wife, after her marriage, and after the acquisition by the husband of the land in which dower is claimed. In doing so, the legislature would neither impair the obligation of a contract, nor deprive the wife of any right of property vested in her.

Dower by the common law, which, of the five species of dower known in the old English law, is the only one recognized in this country, does not result from a contract. It is given by the law to the widow, "for the sustenance of herself, and the nurture and education of her children;" and is called in the old law, "*dos mulieris secundum consuetudinem anglicanum.*"—1 Thomas' Coke, 655. It is an estate, which "arises solely by operation of law, and not by force of any contract, express or implied, between the parties; it is the silent effect of the relation entered into by them; not as in itself incidental to that relation, or as implied by the marriage contract, but merely as that contract calls into operation the positive

35

institution of the municipal law."—Park on Dower, 5, 130, *et seq.* The right of dower not existing by virtue of contract, the obligation of a contract is not impaired by the modification of the law which governs it. Indeed, marriage itself is not regarded as a contract, within the meaning of that article of the constitution which guards the obligation of contracts against legislative interference. It may be, that the alienee of the husband could not be affected by a statute, which, after his purchase, gave dower in the lands conveyed, or enlarged the dower. McCaferty v. McCaferty, 8 Blackf. 218; Given v. Marr, 27 Maine, 212. But we can draw no analogy from such a case to govern this; for, in that case, the alienee takes under a contract which might be impaired, while dower is not the result of contract.

The wife has no property in the husband's lands, pending the coverture. Three things are necessary to the perfection of the right of dower. These three things are, marriage, seizin, and the husband's death. Before the husband's death, the wife has not a contingent right. Her attitude is that of a party in whose favor two pre-requisites to the existence of a right have occurred, and a remaining one is wanting. She has a mere expectancy, resting upon the probability that the remaining requisite may, at some future time, come into existence. The expectancy being clothed with the quality that no contract can defeat it without her assent, it is an incumbrance upon the husband's title. This quality, attached by the subsisting law, has given rise to some looseness of expression in describing the wife's attitude in reference to the lands of a living husband, which is calculated to lead to the erroneous conclusion, that the wife has, before her husband's death, a title.—Park on Dower, 237. If the wife has a right of property, depending upon the contingency of her surviving, as some loose expressions would seem to indicate, then she would have a contingent remainder in all her husband's lands, and would be a necessary party in all suits pertaining to the husband's title. Such a proposition has no sanction in the law; but, on the contrary,

it is laid down that the estate of a dowress is a mere continuation of the husband's estate.

The question which we are considering, has been the subject of adjudication several times in this country; and it has been decided, in every case, that the wife has not, during her husband's lifetime, an interest in his lands, which is beyond the control of legislation. We subjoin a list of the cases.—Moore v. Mayor, &c., 4 Selden, 110; Reynolds v. Reynolds, 24 Wend. 193; Moore v. Mayor, &c., 4 Sandf. Sup. Ct. 456: Leavins v. Sleator, 2 Iowa, 604; also, Sleight v. Read, 18 Barb. 159; Blood v. Humphreys, 17 ib. 660. In the case of Reynolds v. Reynolds, Judge Bronson, delivering the opinion of the court, said: "While the husband lives, the wife has no right, interest, or estate in the land. She has nothing but a mere capacity to take in the event of her surviving her husband—she is dowable. It is not until she becomes a widow that she is entitled to dower." The authorities and arguments adduced fully sustain his position, and we refer to that opinion for an able discussion of the entire subject.

[2.] The complainant's right of dower must be governed by the Code. Under that law, upon the facts before us, she is not entitled to dower, as was decided in a case between the same parties, at a former term.

[3.] The administrator in this case is not estopped from denying that the estate of his intestate was of such character as to entitle the widow to dower. The point is so settled in Edmondson v. Montague, 14 Ala. 370.

[4.] The decree of the probate court, allotting dower to the plaintiff, was not admissible evidence in this case. The defendant, notwithstanding a decree for costs was rendered against him, was not a party to the proceeding, and can not be estopped by it. .

. Judgment reversed, and cause remanded.