[Horn v. Wiatt.]

# Horn *v.* Wiatt.

*Bill in Equity by Creditors, to set aside Fraudulent Conveyance.*

1. *Homestead exemption; governed by what law; extent and value, in 1858* –Under the statutory provisions as to homestead exemptions which were of force in 1858, and which determine the right of exemption as against debts then contracted, the exempt homestead could not exceed eighty acres in quantity, nor $500 in value ; and these statutes were repealed by the act approved April 23, 1873, and so continued until re-enacted, as to such debts, by the act approved February 9, 1877 ; the effect being that, during the interval of nearly four years, there was no exemption as against debts contracted prior to the constitution of 1868.

2. *Fraudulent conveyance.*—A deed by which a father conveyed all his property to his son, on a recited consideration of $8,000, held fraudulent and void as against creditors, on the facts proved in this case, notwithstanding the denials of the answers ; the question of fraud *vel non* having been submitted by the chancellor to a jury, whose verdict against the validity of the deed he approved, and his decree being here affirmed.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 12th January, 1874, by Isaac W. Horn and Elizabeth McMillan, judgment creditors of William C. Wiatt, against the said William C. Wiatt and his son, John F. Wiatt ; and sought to set aside a conveyance of his property by said William to said John F. Wiatt, on the ground that it was intended by both of them to defraud, hinder, and delay the creditors of the grantor, and to subject the property to the payment of the complainants' debts. Horn's judgment was rendered on the 16th October, 1873, was for the sum of $628.92, besides costs, and was founded on a promissory note executed in 1858. Mrs. McMillan's judgment, which was for the sum of $1,765.53, besides costs, was also rendered on the 16th October, 1873, and was founded on a promissory note, dated May 14, 1858, and payable one day after date. An execution was regularly issued on each of these judgments, on the 3d November, 1873, and returned "No property found." The deed which the bill sought to set aside, a copy of which was made an exhibit, was dated the 6th January, 1866 ; recited a consideration of $8,000, cash in hand paid ; conveyed, with full covenants of warranty, a tract of land containing six hundred and ten acres, more or less ; was signed by said W. C. Wiatt and his wife ; was acknowledged by Mrs. Wiatt, before a justice of the peace, on the 6th February, 1866, and by said W. C.

Wiatt on the 2d October, 1866. The bill alleged that this conveyance was without consideration, and was executed with the intent to hinder, delay, and defraud the creditors of the said W. C. Wiatt; that the said John F. Wiatt had full knowledge of this fraudulent intent on the part of his father, and aided and participated in its execution; that he was a young man, without money or resources, living with his father, and asssisting in the cultivation of the land; also, that the said W. C. Wiatt, at or about the same time, and with the same fraudulent intent, conveyed all his personal property of every kind, including an unknown number of bales of cotton, to the said John F. Wiatt, by a pretended sale, or other fraudulent arrangement; and that these conveyances embraced all of the grantor's property. The bill prayed a discovery and account as to the personal property, and asked that the conveyances might be set aside as fraudulent and void, and the property be condemned to sale for the satisfaction of the complainants' judgments; and the prayer for general relief was added.

An answer on oath, as to the allegations of the bill, was waived, but required as to the interrogatories; and the defendants answered accordingly, denying the allegations of fraud, and insisting on the *bona fides* and validity of the conveyances. In answer to the interrogatories they stated, in substance, that the contract between them was a sale and purchase of all the property then owned by the said W. C. Wiatt; that the consideration recited in the deed, $8,000, was the fair value of the property, and was paid in cotton, fifty-six bales being delivered; that there were about twenty-six bales of cotton on the place at the time of the sale, which W. C. Wiatt had subscribed to the government of the Confederate States, and which were carried off by Federal agents; that John F. Wiatt, besides helping his father in the cultivation of his land, kept a warehouse at Moscow, and was engaged in packing cotton for government officials; and that he had acquired about seventy bales of cotton, which were then in Mobile, and a part of which, fifty-six bales, was paid to his father for the land and other property.

On final hearing, on pleadings and proof, the only question being the validity of the conveyance, the chancellor had a jury impanneled, and submitted to them the question of fraud *vel non;* and the jury having found that the conveyance was made with the intent on the part of W. C. Wiatt to hinder and defraud his creditors, and that John F. Wiatt participated in this fraudulent intent, the chancellor approved their finding, and rendered a decree for the complainants; setting aside the deed, and ordering the lands

to be sold by the register for the satisfaction of the judgments. But the chancellor added to his decree this paragraph: "Paragraph 8. It is ordered that, in case the register sells the lands, defendant W. C. Wiatt may claim an exemption of $500 in said lands; and if said claim be made according to law, the register shall omit said exemption from sale." Said Wiatt thereupon filed his petition, addressed to the register, claiming a homestead exemption in the lands, and asking the appointment of commissioners to set it apart; and commissioners were accordingly appointed, who reported that they had allotted to him two hundred and ten acres, of the value of $500. The record does not show any action whatever on this report, either by the register or by the chancellor.

The complainants now appeal from the chancellor's decree, and assign as error that part which allowed W. C. Wiatt to claim an exemption in the lands. John F. Wiatt also appeals, and assigns as error the decree setting aside the conveyance from W. C. Wiatt to him. The two cases were argued and submitted together.

SNEDECOR & COCKRELL, for the complainants.

THOS. B. WETMORE, contra.

STONE, J.—The decree of the chancellor in this cause was rendered May 27, 1876. In it he ordered, "that in case the register sells the lands, defendant W. C. Wiatt may claim an exemption of $500 in said lands; and if said claim be made according to law, the register shall omit said exemption from sale." This is the first time exemption or homestead is mentioned in the proceedings, although the bill was filed January 12, 1874. Under this order of the chancellor, W. C. Wiatt filed his sworn petition, addressed to the register, dated and filed June 26, 1876, in which he claimed homestead of eighty acres, and prayed the appointment of commissioners, disinterested freeholders, to lay it off. The commissioners were appointed by the register, July 17, 1876; and on the 22d of the same month, they reported to the register that they had allotted to the petitioner the lands he asked for, embracing the homestead, and an additional one hundred and thirty acres, making two hundred and ten acres. These proceedings were never brought to the notice of the chancellor, so far as we are informed, and have never received his approval or disapproval. We consider it unnecessary to comment on the irregularity of these proceedings.

The debts on which the judgments were recovered, which the present bill seeks to enforce, were contracted in 1858, and the homestead exemption must be graduated by the law as it then stood.—See *Wilson v. Brown*, at present term ; *Taylor v. Anthony*, December term, 1876. In 1858, the homestead exemption was governed by section 2462 of the Code of 1852, as amended by the act of February 12, 1858— Pamph. Acts, 48. The homestead then exempted was in quantity not to exceed eighty acres, and in value not to exceed $500. The quantity was increased, provided the value did not exceed $500, to three hundred and twenty acres, by the act of January 30, 1860 ; and these several statutes are embodied in section 2880, subdivision 4, of the Revised Code. .

But, when the present case was decided, and when the application was made and granted for homestead allotment, all statutes granting homesteads, prior to the enforcement of the constitution of 1868, had been long repealed. See section 17 of the act " to regulate property exempted from sale for the payment of debts," approved April 23, 1873 ; Pamphlet Acts, 64. Thus the law stood, until those statutes were re-enacted, February 9, 1877, and made applicable to debts contracted before the State constitution of 1868 became operative. It is thus shown that, for near four years, there were no statutes in force in this State securing homesteads from seizure and sale under execution, provided the debt or liability was older than the constitution of 1868. This results from certain plain principles. Exemption only exists by virtue of the law. It is given by the law, and can be taken ·away by the law. And when the law which confers it is repealed, the right fails, for it has nothing to uphold it.—See *Boyd v. Harrison*, 36 Ala. 533 ; *Ware v. Owens*, 42 Ala. 212 ; *Daily v. Burke*, 28 Ala. 328. And, under the rulings of this court, following the decision of the Supreme Court of the United States, any material increase of exemption of property from the payment of debts, is unconstitutional, and inoperative as against debts previously contracted, because its tendency is to impair the obligation of the contract.—See *Gunn v. Barry*, 15 Wallace, 610 ; *Wilson v. Brown*, at the present term ; also, *Nelson v. McCrary*, at the present term.

It results from what we have said, that that portion of the chancellor's decree which we have copied above is erroneous, and it is here vacated and annulled. In all other respects, his decree is affirmed. It results, also, that the proceedings had before the register, on the petition to have homestead allotted, are, in all respects, irregular.

[Nelson v. McCrary et al.]

We concur with the chancellor in holding that the deed from W. C. Wiatt to John F. Wiatt was made with intent to delay, hinder, and defraud the creditors of the former, and that the latter knew of such intention, and contributed to its consummation. The testimony intended to prove the consideration, considered in connection with the account with Sims, Houston, Sims & Vidmer, and Harrison & Co., falls very far short of proving an actual and *bona fide* bargain and sale from father to son; and the other testimony weakens much the Wiatts testify to, and tends strongly to show the transaction was simulated and fraudulent.

On the appeal by the complainants, the decree of the chancellor is reversed, and a decree here rendered, as above indicated, at the cost of W. C. Wiatt. On the appeal by John F. Wiatt, the decree of the chancellor is affirmed.