## HAYWOOD *vs.* LEWIS, executor.

1. The mere *ex parte* making of a writing by a debtor, in which he conveyed to his creditor certain property, whether as payment or security, is not sufficient to effect a discharge of his surety, it not appearing that the writing was delivered to the creditor, or that he ever received the property.

2. If an intestate had paid notes in his lifetime, the presumption is that he would have taken them up. Nor is it overcome by the proof in this case. It is true that the notes were in the hands of L , who was one of the administrators; but he was also the executor of another estate in right of which he held the notes, and was proceeding to enforce them against the indorser, who was his co-administrator.

3. In such a case, the defendant insisting that plaintiff had himself received money from the estate and paid off the notes since the death of intestate, perhaps it would be proper to admit in evidence receipts for money given by plaintiff to an agent in charge of part of the estate; but the rejection of such evidence will not necessitate a new trial if plaintiff admits the receipt of the money and relies only on its proper application to other purposes.

4. Where a plea only sets up the right to recover usury paid on the notes in suit, the court did not err in limiting the jury to an allowance of such usury, although usury may have also been paid on other notes between the same parties.

Principal and surety.   Promissory notes   Presumptions. Administrators and executors.   Interest and usury.   Pleadings.   Charge of Court.   Before Judge FLEMING. · Chatham Superior Court.   May Term, 1879.

John N. Lewis, as executor of Spivey, sued Alfred Haywood and himself, as administrators of Joseph M. Haywood, deceased, and Alfred Haywood, as indorser, on three promissory notes made by Joseph M. and indorsed by Alfred.   These notes are thus described :

Dated June 9th, 1870, payable at 60 days, for - $1,200 00
"       "   20th, 1870,      "      30    "    -  1,500 00
"     Aug. 1st, 1870,        "      60    "    -  1,300 00

At the trial the suit was dismissed as to the estate of

Haywood *vs.* Lewis, executor.

Joseph M. Alfred pleaded—first, payment by Joseph M. Secondly, payment by the administrators. Thirdly, usury.. Fourthly, the acceptance by plaintiff, Lewis, of a convey- ance of property made to him by Joseph M. in satisfaction of the debt, and a release in consideration thereof. Fifthly, the receipt by plaintiff, Lewis, from Joseph M.,. of a conveyance of property as security for the notes sued. on, and the failure of Lewis to record his conveyance and. to possess himself of such property, whereby the prop erty became unavailable as security and the risk of the surety was increased, and that the plaintiff took the notes. with notice of these things and after maturity.

On the trial, it appeared that the decedent did execute the instrument mentioned in the last two pleas, but after- wards put it away among his private papers; and there was no evidence that he ever delivered it, or that Lewis. received the property. On the contrary, after the death of the decedent, the administrators managed the barber- shop as part of the estate (it being a part of the property mentioned in the instrument). Lewis, executor of Spivey, had numerous notes in his hands against Haywood, before the death of the latter. At various times Lewis received money from Haywood, amounting to some $22,000.00;. but he testified that he applied this to other claims, there being no instructions as to application.

Defendant offered to introduce in evidence the entries, in a book produced by one Bender, who was clerk in charge of the barber-shop. They showed receipts of money from him by Lewis, and were in the hand-writing of the latter.. They were rejected.

The court, in its charge, restricted the consideration of the jury on the subject of usury to the notes sued on, and excluded from their consideration any usury which might have been paid on the other notes, there being evidence on that subject. The jury found for the plain- tiff $3,677.70 with interest from May 10th, 1873. Defend- ant moved for a new trial, on the following among other grounds:

(1.) Because the court ruled out, when offered in evidence for the defendant, entries in a book proved to be in the hand-writing of John N. Lewis, of cash received by said Lewis, headed "Amounts received from Henry Bender on account barber-shop," and amounting to $10,248.20.

(2.) Because the court charged the jury as follows:— "Only usury received on the notes in suit on which the defendant is indorser, can be pleaded to the suit, and only goes to the extent of the excess of the interest. The indorser is bound to pay the principal and legal interest." "Usury paid by J. M. Haywood on other and independent contracts to which the defendant, A. Haywood, was not a party, cannot be pleaded as a set-off to this action." "Usury paid by by J. M. Haywood in his life-time on other and independent contracts (if the jury find that usury was paid) cannot be set off in this action in reduction of this debt." [Some point was made as to the different notes being one connected transaction or series of transactions, but it is unnecessary to set out the evidence on that subject.]

(3.) Because the verdict is contrary to law and evidence. The motion was overruled, and defendant excepted.

JOHN M. GUERRARD, for plaintiff in error.

WILLIAM U. GARRARD; J. R. SAUSSY, for defendant.

JACKSON, Justice.

Lewis, as executor of Spivey, sued himself and Alfred Haywood as administrators of Joseph M. Haywood, and Alfred Haywood as indorser, on three promissory notes, made by Joseph M., payable to the order of Alfred and indorsed by him, one for $1,200.00, dated June the 9th, 1870, and payable at sixty days, one for $1,500.00, dated June the 20th, 1879, and payable at thirty days, and the other for $1,300.00, dated August the 1st, 1870, and paya-

able at sixty days. At the trial the suit was dismissed as to the estate of Joseph M., and proceeded against Alfred Haywood as indorser alone. He pleaded first, payment by Joseph M. in life; secondly, payment by the administrators; thirdly, usury; fourthly, the acceptance by Lewis, the plaintiff, of a conveyance of property from Joseph M., in satisfaction of the debt, and a release in consideration thereof; and fifthly, the receipt by Lewis, of a conveyance of property as security for the notes sued on, and the failure of Lewis to record that conveyance and take possession of the property, whereby it became unavailable, and the risk of Alfred was increased and he discharged, and Lewis took the notes after maturity and with notice.

The jury found for the plaintiff $3,677.70, with interest from May 10th, 1873, and thereupon Alfred Haywood, the only defendant left, moved for a new trial on sundry grounds. The motion was overruled on all of them, and he excepted.

The case of the plaintiff was made out when he produced the notes with the indorsement of defendant thereon, and it was the duty of the jury to find for him the amount therein set out, unless defendant showed a legal reason to the contrary. This he attempts to do by five pleas, and he must offer the proof to support them.

1. The fourth and fifth are not supported, because there is not a scintilla of evidence that the conveyance was ever delivered to the plaintiff, Lewis, by Haywood, or the property mentioned therein turned over to him. Therefore these notes could not have been satisfied by the property which Lewis never received, nor could any conduct of his in failing to record the conveyance which was never delivered to him, have increased the indorser's risk. Unless he got possession of it he could not record it. So there is nothing in the defense set up in the fourth and fifth pleas.

2. If the intestate had paid the notes in money in his life-

time, the presumption is that he would have taken them up ; nor *in this case* is that presumption rebutted by the fact that Lewis, the plaintiff, as executor of Spivey, is also administrator, or was administrator of Joseph M. Haywood, for Alfred Haywood, the defendant, was, and is, also administrator on that estate. Both plaintiff and defendant occupy the same position in respect to Joseph M's estate, being co-administrators. The presumption, therefore, is that said notes being in the hands of Lewis, executor of Spivey, are the property of that estate, and·stand open and unpaid. Has this presumption been removed by the proof? If the jury believed Lewis, and they had the legal power to believe him, he shows how all the money he received from Joseph M. in life was applied to other notes in his possession , and as Joseph M. gave him no instructions to apply the $22,000.00, which he did from time to time receive, to any particular notes, he had the legal right to apply the money where he saw fit to make the payment. We do not see, therefore, why the verdict on the first plea (of payment in Joseph M's lifetime by him) is not sustained by the proof that these three notes were not paid by him when in life.

3. But it is said that the administrators paid them after Joseph M's death. The defendant, Alfred Haywood, was one of these administrators. He was sworn as a witness in the case, and did not swear that he paid them, or any part of them. The only other administrator is the plaintiff, Lewis, who was also a witness, and testified most positively that he did not pay them, or any part thereof, but that they stood open and unpaid. There is, therefore, no evidence directly showing that either administrator paid them, and the second plea is not sustained by the proof.

But on this plea it is argued that error was committed by the court in ruling out the entries in a book produced by Bender, the clerk or manager of the barber-shop and store after Joseph M. Haywood's death, which entries

showed receipts of money from time to time from Bender by Lewis, in Lewis' handwriting, and it is insisted that this testimony should have gone to the jury. The entries were rejected by the court below, because these matters were embraced in the returns made by the administrator to the ordinary, and the moneys so received were there accounted for. Perhaps it would have been better had the entries been admitted in evidence, but we cannot see how their rejection hurt the defendant. It was not disputed that the moneys were received by Lewis as administrator ; but he swore that all were returned and accounted for in the returns ; the defendant was co-administrator, and the returns were his, too ; it was his duty to see to it that they were properly made, and that the co-administrator properly applied the funds ; and if it had not been done by him, it is not easy to see how Spivey's estate ought to suffer thereby. But Lewis swears that these items are all accounted for, and Alfred Haywood produces nothing and swears nothing to the contrary, though he was co-administrator and had equal opportunities both of knowledge and of management of the joint business.

4. This leaves but one other plea, to-wit : the plea of usury. It is insisted that by the application of the usurious interest received by Lewis for the Spivey estate to the principal and legal interest of the notes, they would be paid off, or largely reduced. The jury did allow some reduction therefor. The charge of the court restricted their consideration of usury to the notes sued on—it confined the application of usury paid by Joseph M. Haywood in life *on these notes to these notes*—excluding from their consideration all which had been paid on other notes of which the record shows a long list. By reference to the plea of the defendant, Haywood. it will be seen that the charge of the court gave him all the usury which his plea asked for. That plea is that "plaintiff has from time to time charged and received *as interest on the sums of money in said declaration mentioned, interest at*

*usurious rates*, to-wit : at the rate of two *per centum* monthly or some other large amount, since the date of *said causes of action in said declaration specified.''* The plea itself, therefore, confines the investigation to the usury paid on the notes specified in the declaration, and it would have been error in the court to allow other usury under that plea. The defendant is bound to set forth his cause of defense plainly and distinctly, and the rule is more stringent perhaps in matters of usury than in other defenses. It is universal, however, in its application to all pleadings since the act of 1799, in this state.

In this view, it becomes unnecessary to consider the points made in regard to these notes being separate and distinct from others in the plaintiff's hands, or linked with them in one transaction, so as to have usury on any of the rest allowed on these, and applied *pro tanto* to their extinguishment.

Whether the court was right or wrong on these questions in the charges made, or modified, or refused, as questions of law on a case made by the pleadings. it is enough that this plea only makes the one defense that the usurious interest paid *on these notes* has not been credited *on them* ; and this usury the charge directed the jury so to credit as *asked for by the plea.* The defendant got what he asked ; he ought not to claim more.

The questions of fact, the ciphering and the calculations, have been made by the jury—the law applicable to the pleadings has been correctly given on all matters vital to the issues made, the presiding judge approves what has been done by the jury, there is evidence to support their finding, and his approval thereof, and the judgment is therefore affirmed.