## Lipscomb v. DeLemos.

*Bill in Equity for Dower.*

1. *Dower in lands to which husband had perfect equity.*—Under the Code (§ 2232), the widow is entitled to dower in lands to which the husband, at the time of his death, had a perfect equity. he having during his life time paid all the purchase money therefor; but she is not so entitled if any portion of the purchase money was paid after the husband's death.

2. *Evidence; presumption of payment from possession of note given for the debt.*—It is well set led that a presumption of payment of a debt arises from the possession by the payee of the note or other security given therefor, after its maturity; and when such presumption of payment arises, the inference is necessary that the payment was made to one lawfully authorized to receive the money.

3. *Same; such presumption indulged in in favor of widow seeking dower under paragraph 3 of § 2232 of the Code.*—Where a widow seeks to obtain dower in lands on the ground that the husband had, in his life time, a perfect equity thereto, he having paid all the purchase-money therefor, a presumption of the payment of the purchase-money for the lands arises in favor of the widow, from her possession of the note given therefor, her possession, though unexplained, being free from circumstances calculated to excite suspicion; and the payee of the note having died prior to the death of the husband, and no administration having been granted on his estate, it will be presumed that payment was made to the payee prior to his death

Appeal from Lowndes Chancery Court.

Heard before Hon. Jno. A. Foster.

The bill in this cause was filed on 20th September, 1880, by Emma C. Lipscomb against Benjamin DeLemos, seeking

Lipscomb v. DeLemos.]

dower in certain lands, as the widow of Nathan L. Lipscomb, who died in May, 1879. The material facts, as shown by the record, are, that Nathan L. Lipscomb, complainant's husband, purchased from Nathan L. Brooks, on 8th January, 1859, the lands in which dower is sought, on a credit and gave his notes for the purchase-money, the last of which became due on 1st January, 1861, and received from Brooks a bond for title; that he thereupon took possession of said lands and continued in the possession thereof until some time in 1868, when he removed to South Carolina; that soon after his removal the lands were duly sold at sheriff's sale, under an execution against Lipscomb, and that the appellee was, at the time the bill was filed, in possession of the lands, claiming and holding them under the purchaser at the sale. The question presented was, whether Lipscomb had, during his life time, paid all the purchase-money for the lands. The circumstances tending to show payment are sufficiently stated in the opinion. On the hearing, had upon the pleadings and proof, the chancellor was of the opinion, that the complainant had not shown that her husband had paid all of the purchase-money, and caused a decree to be entered dismissing the bill, and from this decree the complainant appeals, and here assigns the same as error.

GUNTER & BLAKEY, for appellant.

COOK & ENOCHS, contra.

SOMERVILLE, J.—This is a petition for dower by the appellant, the right being claimed in certain lands purchased by her husband from one Brooks in the year 1859. It is claimed that the husband, during his lifetime, owned a perfect equity in these lands, and that, although no conveyance was made to him of the legal title, the wife is entitled to dower.

The proposition is conceded by appellee's counsel, that if the husband, at the time of his death, had a *perfect equity* in the lands, having during his life time paid *all* the purchase-money, the widow is entitled to dower under the provisions of section 2232 of the present Code. And the converse of the proposition is equally true, that she is not so entitled, if any portion of the purchase-money was paid after the death of the husband.—*Boyd v. Harrison*, 36 Ala. 533; 1 Brick. Dig. p. 614, §§ 25, 26.

The chief point of contention here is, whether the purchase-money was paid before or after the husband's death.

The evidence shows the possession by the appellant of the

last note given for the purchase-money. This possession, though unexplained, is free from any circumstances calculated to excite suspicion. Fewer principles are better settled than that a presumption of payment arises from the existence of this fact.—2 Whart. Ev. § 1362. We take it then as presumptively true, that the note was paid at some time or another, because the possession of it is shown to be in the appellant.

There are some cogent circumstances for legitimate inference afforded by the record in this case. These are the *insolvency* of Brooks, the payee of the note, at the time of his death; the long period of time since the note fell due and, the last payment was made, showing the debt, though not the lien on the land, to have been barred at the time of the payee's death; and finally, the fact, which is perhaps the most persuasive of all, that Brooks died about two years before Lipscomb, and no letters of administration have ever been granted on his estate. Payment being presumed, the inference necessarily is that it was made to one lawfully authorized to receive the money, and hence to Brooks before his death.—2 Whart. Ev. §§ 1363–64. Our conclusion is, that the note was paid before the husband's death, that he, therefore, had a perfect equity in the lands during his life, and that these facts entitled the widow to dower.—Code, 1876, § 2232.

The decree of the chancellor is reversed, and the cause remanded.