[No. 12505. In Bank. — July 3, 1889.]

J. N. TURNER, ADMINISTRATOR, ETC., OF ROBERT TURNER, DECEASED, APPELLANT, *v.* E. E. TURNER ET AL., RESPONDENTS.

PROMISSORY NOTE — NON-PAYMENT — POSSESSION OF NOTE — PRESUMPTION — BURDEN OF PROOF. — Possession of a promissory note by the payee raises a presumption of non-payment. And possession by the maker raises a presumption of payment. Hence if the allegation of non-payment be denied, it is incumbent upon the plaintiff to prove non-payment, at least by producing the note or accounting for its non-production.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Hundley & Gale*, and *R. C. Long*, for Appellant.

*F. C. Lusk*, and *Gray & Sexton*, for Respondents.

HAYNE, C. — This was a suit to foreclose a vendor's lien to secure the amount of six promissory notes. One of the defenses was, that the notes had been paid; and the trial court found this to be the fact. The counsel for the appellant contend that this finding is not supported by the evidence. But we think that the evidence must be held to be sufficient to support it.

The notes were made by one J. T. Turner to his brother Robert Turner, whose administrator is the plaintiff here. Both brothers were dead before the suit was commenced; and there was no direct evidence for or against the payment. The plaintiff did not produce the notes at the trial, or give any satisfactory explanation of their absence. It was shown that diligent search had been made among the papers of Robert Turner, and inquiry made of every person who would be likely to know about them; but nothing was heard of them. The last seen of some of them was that they were in possession of *the maker.*

The possession of the notes is a material circumstance in relation to the question of payment. Possession by the maker raises a rebuttable presumption of payment. (Code Civ. Proc., sec. 1963, subd. 9; Greenl. Ev., sec. 527; *Zeigler* v. *Gray*, 12 Serg. & R. 42; *Lipscomb* v. *De Lemos*, 68 Ala. 592; *Carroll* v. *Bowie*, 7 Gill, 41.) And on the other hand, possession by the payee is *prima facie* evidence of non-payment. (*Somervail* v. *Gaillies*, 31 Wis. 155; *Ritter* v. *Schenk*, 101 Ill. 389; *Haywood* v. *Lewis*, 65 Ga. 225.) And upon this principle it has been held in this state that if payment is denied the *onus* is upon

the plaintiff to prove the non-payment at least by the production of the note. (*Farmers' Bank* v. *Christensen*, 51 Cal. 572.) In other words, if the plaintiff does not produce the note or account for its absence, the presumption is against him.

There was evidence tending to strengthen this presumption. Robert Turner, the payee, was executor of his brother's will. And in making out the appraisement he gave to the appraiser a list of the debts and encumbrances of the estate, on which occasion, according to one of the appraisers, the following occurred: "After the debts was all in I asked if there was any further claims against the estate that he knew of, and he, Robert Turner, *told me there was none.* I was referring more particularly to that land." The inventory and appraisement were introduced in connection with this testimony, and contained no reference to the notes or lien. Although the ascertainment of the debts which the deceased owed was not the duty of the appraisers, yet the conversation was admissible as an admission of the payee, and the inventory was admissible in connection therewith.

There were other admissions of the payee to the same effect. When the will was read he declared to the attorney that he had no interest in the property of the estate beyond what was given to him by the will. And upon his death-bed, when some of his family were around him, he called for his clothing, "took his purse out of his pocket, and poured out a few dollars, and said, 'Here, Mary, take this; it is all I have in the world.'"

The evidence against the payment was of the same character, consisting of evidence of the family and friendly relations between the parties, and of assertions by Robert Turner on different occasions, of a claim against the property, on the ground that it had not been paid for. But the testimony in reference to the more specific assertions was contradicted.

The foregoing is the substance of the material evidence which bears upon the question. And it certainly does not show that the notes were not paid. The counsel for the appellant rely a good deal upon "undertones" which they say are heard throughout the testimony. But this is not the kind of evidence upon which an appellate court can be asked to set aside a decision of fact.

In this view it is not necessary to consider the question whether the defendant Thresher was a *bona fide* purchaser.

There was no error in the admission of evidence. The inventory and appraisement and the conversation in connection therewith have already been referred to. The question at folio 133 was entirely irrelevant. The objections on pages 89 and 90 were properly overruled. The evidence simply went to show what was the consideration of the conveyance from Robert Turner to his brother.

The other matters do not require special notice. We therefore advise that the judgment and order denying a new trial be affirmed.

Foote, C., and Vancliff, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.