## ROCK ISLAND PLOW CO. v. BALDERSON.

Possession of a note by the maker after its maturity raises a presumption of payment which may be rebutted by evidence that the possession was acquired without payment.

One suing on a note in the possession of the maker has the burden of proving nonpayment by overcoming the presumption of payment arising from such possession.

In an action on a note in the possession of the maker, evidence held not to overcome the presumption of payment arising from such possession.

A presumption is generally only a rule of law as to which party shall first proceed and go forward with the evidence to prove an issue.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Miner County. Hon. CHARLES S. WHITING, Judge.

Action by the Rock Island Plow Company against A. W. Balderson. From a judgment for defendant, plaintiff appeals. Affirmed.

*T. H. Null,* for appellant.

An attorney who has received a claim for collection, has no power to receive anything but money on behalf of his client. Sub. Div. 3, Sec. 699, Political Code. And upon payment thereof and not otherwise to discharge the claim. Cyc., vol. 4, 948.

No brief on file for respondent.

McCOY, J. Plaintiff, the appellant, brought suit to recover upon a promissory note. Defendant answered, admitting the execution of the note, and alleging that the same had been fully paid. On the trial the jury returned a verdict in favor of defendant, and judgment was rendered thereon. Plaintiff brings the cause to this court on appeal.

The principal assignment of error is that the evidence is insufficient to sustain the verdict, in that there was no evidence admitted tending to show that the note sued upon had ever been paid. It appeared on the trial that the note sued on was not at the time of the trial in the possession of plaintiff, but in possession of defendant, the maker thereof. This circumstance alone was sufficient to sustain a verdict for defendant on the ground that the note had been paid. Possession of a note by the maker, after its maturity, raises the presumption of payment, but one that may be rebutted by evidence that such possession was acquired without payment. Dan. Neg. Insts. § 1228; Jones, Ev. § 43; Turner v. Turner, 79 Cal. 565, 21 Pac. 959; Potts v. Coleman, 67 Ala. 221; Callahan v. Bank, 82 Ky. 231. In Turner v. Turner it is held that where the note sued on is in possession of the defendant, the maker thereof, at the time of the trial, and where the presumption arising from such possession is denied, the burden is on plaintiff to prove nonpayment. When the evidence in the case at bar was introduced showing the note in controversy to be in the possession of the defendant, the maker thereof, the burden then devolved upon plaintiff to overcome by evidence the presumption of payment arising from the defendant's possession. The defendant in this case kindly undertook to furnish the proof for plaintiff to overcome this presumption of payment. But we are of the opinion that the showing made by defendant was insufficient. The circumstances as to how defendant became possessed of the note are only partially and very meagerly shown by the record.

It does appear, however, that defendant formerly lived in the state of Iowa and executed and delivered the note sued upon to plaintiff in that state; that a firm by the name of Hayes & Sullivan of Creston, Iowa, had possession of said note and delivered the same to Mrs. Balderson, the wife of defendant, in exchange for another note of one Terry; that the wife of defendant paid no money to Hayes & Sullivan, but only delivered the Terry note; that Mrs. Balderson in receiving the note was acting for her husband, the respondent. Now, who Hayes & Sullivan were or what connection, if any, they sustain towards plaintiff, or that Hayes & Sullivan had no authority to deliver said note to Mrs. Balderson, does not appear. On what agreement or under what circumstances the Terry note was delivered to Mrs. Balderson does not appear. If the burden was on plaintiff to overcome the presumption of payment arising from defendant's possession of the note, then it was incumbent on plaintiff to show what relation, if any, existed between it and Hayes & Sullivan, and that Hayes & Sullivan were not authorized to deliver possession of said note to Mrs. Balderson in exchange for the Terry note. If we are to indulge the presumption of payment arising from the presumption of defendant's possession of said note, this presumption would necessarily carry with it the necessary inference that Hayes & Sullivan were authorized by plaintiff to deliver the note in question to Mrs. Balderson in exchange for the Terry note, and that the Terry note was given in full payment and satisfaction of the note sued on. The burden of proof being upon plaintiff to overcome the presumption of payment arising from the possession of said note by defendant, it was therefore incumbent on plaintiff to show what relation, if any, existed between it and Hayes & Sullivan, and that Hayes & Sullivan were not authorized to deliver possession of said note to Mrs. Balderson in exchange for the Terry note. Plaintiff has failed to overcome the presumption of payment arising from the circumstance of defendant's possession of the note. Presumptions not generally being regarded as evidence to be placed in the balance and weighed, but only a rule of

law as to which party shall first proceed and go forward with the evidence to prove an issue, the defendant in this case could rest behind the presumption of payment until it was overcome by evidence from plaintiff.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J., took no part in this decision.