[Civ. No. 1124. Fourth Appellate District.—June 2, 1934.]

MARY ROSEBROCK, Appellant, v. SAN DIEGO TRUST & SAVINGS BANK (a Corporation), as Executor, etc., Respondent.

O'Brien, Dibert & Acton and A. S. Hutchinson for Appellant.

John A. Hewicker for Respondent.

HAINES, J., *pro tem.*—Hermann Rosebrock died on November 21, 1932, and was at that time in his late seventies.

His widow, the plaintiff and appellant, is of approximately the same age and had been decedent's wife fifteen years. Rosebrock's will was admitted to probate and defendant and respondent San Diego Trust & Savings Bank was appointed his executor. Thereupon appellant presented to it her claim against his estate based on a writing in decedent's hand found among his personal effects as follows: "Due Mary my wif $1,373.56. H. H. Rosebrock."

The claim was rejected by the respondent and action brought upon it and upon the trial the case was submitted upon a stipulation which is, in substance, that the facts above recited are undisputed and that "the date of the occurrence of the obligation is unknown". No other evidence was offered of the origin or status of the obligation mentioned in the above-quoted writing. Thereupon the trial court gave judgment against the claimant. The judgment must, in our opinion, be sustained. ■ Appellant labors, of course, under the handicap of being barred from testifying by the provisions of section 1880, subdivision 3, of the Code of Civil Procedure, but that circumstance affords her the right to rely upon no presumptions to which she would not otherwise be entitled. ■ It is all very true, as argued for appellant, that the relations between a husband and wife are highly confidential and, as stated in *McKay* v. *McKay*, 184 Cal. 742, 746 [195 Pac. 385, 386], are "controlled by the rule applicable to transactions between trustees and beneficiaries" and that it is "the settled rule that the fact of the receipt by the husband of his wife's money presumptively makes him her debtor and imposes upon him the legal duty of returning it to her". ■ The writing here under discussion is, moreover, incapable of any other construction than that the wife's right to receive from her husband the $1373.56 there mentioned, for whatever reason the same may have been owed to her, was her separate property, and under section 1963, subdivision 32, of the Code of Civil Procedure there is a disputable presumption that "a thing once proved to exist continues as long as is usual with things of that nature". ■ We are of the opinion, however, that the circumstance that the writing on which appellant relies and must rely to establish her case was not produced from her own possession but found among her husband's effects was enough to justify the trial court in

inferring that it had been delivered up by Mrs. Rosebrock to her husband in his lifetime (*Black* v. *Meyer*, 204 Cal. 504, 507 [269 Pac. 173]), in which case the presumption declared in section 1963, subdivision 9, would apply, that "an obligation delivered up to the debtor has been paid", and it would become the duty of the court under section 1961 of the Code of Civil Procedure to find according to the presumption. It need hardly be pointed out that a relation of confidence is one thing and a misuse of this confidence quite another. Certainly there is nothing in the situation that could justify a court in inferring or presuming the malversation by the decedent of any trust. Nor is *McKay* v. *McKay*, *supra*, authority for any such proposition as that relied on in appellant's brief, that the written memorandum "must have been repossessed by decedent from appellant without consideration and under undue influence".

 It is indeed suggested in appellant's behalf that the existence of the writing among decedent's effects does not exclude the idea that it was there accessible to both husband and wife. Suffice it to say that there is no proof that the wife had any access to it. It is further suggested that the writing was in the nature of a bookkeeping entry by the decedent not of the character which would be expected to be in the possession of the obligee even if the debt were still alive. But we think that it was more in the nature of a due bill and that the trial court was justified in believing that if the debt were still alive and unsatisfied the writing would have been found in the possession of the obligee rather than that of the obligor.

The judgment is affirmed.

Marks, Acting P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1934.

Preston, J., Langdon, J., and Spence, J., *pro tem.*, dissented.