## SOMERVAIL VS. GILLIES.

*Evidence, promissory note.*— *Presumption as to payments.*— *General exception.*— *Counterclaim.*

1. The presumption that a note is unpaid, arising from the payee's possession thereof, uncancelled, and unextinguished by endorsed payments, is not sufficiently met by showing payments of money by the maker to the payee, without further showing that there were *no other dealings* between the parties, upon which such payments might have been made.
2. Where such absence of other dealings is shown, proof of moneys paid by the maker to the payee would create a strong and almost conclusive presumption that they were paid upon the note.
3. A general exception to the whole of a charge is insufficient, where any part of such charge is correct.
4. An answer which merely alleges that the defendant has "made full payment" of the plaintiff's demand, does not set up a counterclaim.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action by an executrix to recover the balance due upon a promissory note given to her testator, after deducting certain payments indorsed thereon. The answer admits the making of the note, and the payments indorsed as stated in the complaint, but denies all the other allegations therein contained, and, for a further answer, alleges that "the defendant made a full payment of said promissory note" to the payee in his lifetime. At the trial defendant objected to the introduction of any evidence under the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action, and that the answer constituted a counterclaim, and was not replied to.

Somervail vs. Gillies.

The court overruled these objections, and also denied a subsequent motion by defendant for judgment on the pleadings.

Plaintiff introduced in evidence the note described in the complaint, with proof of her appointment and qualification as executrix of the payee, who was her brother; and testified that she had presented the note to the defendant, and he said he thought he had paid her brother a little more than the interest. Another witness testified to a statement of the defendant that he had paid to deceased the last money he received before he died, being the amount of the last indorsement on the note.

Defendant, as a witness in his own behalf, testified that when plaintiff presented the note, he told her he had paid more than the note and interest, and that the reason why the note was not given up to him was, that the deceased did not have it with him at the time. He then produced two checks on a bank, drawn by him in favor of the deceased, after the maturity of the note, making together about the amount thereof, on one of which was endorsed a receipt signed by the deceased, for the amount, as received "on the within check." There was no other proof to whom the checks were paid. There was some proof of a conversation between the defendant and the deceased, about a note on which deceased claimed a small balance due, and of a payment then made to him, and of his stating that he was perfectly satisfied. There was no proof of any other transactions between the defendant and deceased.

The court charged the jury, among other things, that the burden of proof was upon the defendant to show that the checks were delivered to the deceased, or that he negotiated them or received the money on them, and also that they "were given and received as payment on the note;" and that "no presumptions can be made against the note in the hands of the holder." Defendant excepted generally to the whole charge. Verdict and judgment for the plaintiff; and defendant appealed.

*Mayham & Perkins*, for appellant:

1. The defendant was entitled to judgment on the pleadings,

because the answer set up a counterclaim, which was not replied to. 2. The instruction of the court relative to the burden of proof was erroneous. Upon proof of this matured antecedent debt, and of a payment of money by the maker to the payee, without proof of its application to any other object, a presumption arises that it was paid on such debt, and not for a loan. 2 Starkie's Ev. (6 Am. ed.), 597 ; 1 Starkie's Cases, 474 ; 4 Taunt., 293 ; 1 C. & H's Notes to Phillipps' Ev. (2d ed.), p. 315.

*Knowles* and *Babcock*, for respondent :

1. There was no counterclaim set up, as such, in the answer; therefore, no reply was needed. 9 Wis., 324; 13 id., 84; 19 id., 269. 2. The plaintiff's representative capacity as executrix of the payee of the note was admitted, and the production of the note by her made a *prima facie* case. The note being in her hands, the presumption is that it is unpaid, and the production of the two checks does not change that presumption. It does not show that the deceased received the money, nor does it raise a presumption that, if received, it was to be applied on this particular note. The custom of merchants requires the surrender of the note upon its being paid (Edwards on Bills, 2d ed., 520), and the law presumes that an outstanding note is unpaid, and that the holder is the true owner and took it in the usual course of business. 1 Wait, 437. The production of such a check by the debtor or drawer, with proof of its delivery to the creditor in payment of the debt, only raises the presumption that the person to whom it was delivered received the money on it. Edwards on Bills, 521 ; 4 Taunt., 293 ; 1 Esp. R., 9. 3. The bill of exceptions does not purport to contain all the evidence, but merely the *substance* of it ; therefore this court will not review the facts found by the jury. 20 Wis., 403; 23 id., 224; 24 id., 231. 4. The defendant's general exception to the whole charge is bad, part of it being correct. 11 Wis., 160, 15 id., 256; 16 id., 224; 17 id., 665; 18 id., 373. 5. The verdict being right, it is immaterial whether the instructions were correct or not. 8 Allen, 167–9; Hilliard on N. T., 47.

Dixon, C. J.    This case, so far as the decision depends upon presumptions arising from the facts proved, is one where the presumptions conflict and run directly counter to each other. The presumption of payment, arising from the maker's having paid or delivered money to the payee of the note, is encountered by the opposite presumption, arising from the note remaining in the hands of the payee or his legal representative, uncancelled and with no receipts of the alleged payments endorsed. The mere fact of the payment by one person to another is presumptive evidence of the payment of an antecedent debt, and not of a loan.    In the present case, had it been shown that there were no other dealings between the parties, and that no other indebtedness existed than upon the note in suit, the proof of payment of money by the maker to the payee of the note would have created a very strong and almost conclusive presumption of payment upon the note.    But no such facts were shown, and herein the weakness of the defense and imperfect and unreliable nature of the presumption are disclosed.    Conceding both sums of money represented by the checks to have been paid by the maker to the payee, of which the check for one sum, payable to bearer and without the payee's receipt for the money endorsed thereon, was no evidence, still they may have been payments upon other debts due from the maker to the payee, instead of upon the debt due upon the note; or they may have been payments made in the course of other dealings or business transactions between the parties.    Under such circumstances, to give the maker of the note the benefit of the presumption claimed for him, requires at the same time the aid of another presumption, which cannot be indulged, namely, that there were no other debts or dealings to which the payments could have been applied.    The presumption of payment of the note, therefore, arising from the mere fact of payments of money being shown to have been made by the maker to the payee, is not only met, but in fact overcome, by the presumption arising from the possession of the note by the payee still uncancelled

Somervail vs. Gillies.

and unextinguished by indorsements of payments upon it. The presumption, when a note has been paid, is, that it has been taken up by the maker, or otherwise cancelled so as to show that the debt is extinguished.    When paid, the maker is entitled to delivery of it, and such is the usage of merchants and all persons giving and receiving such paper.    If but a partial payment is made, the custom is for the maker, at the time of paying, to see that it is endorsed.    From these well known usages arises the presumption, which, until rebutted, is decisive, that an outstanding note is still unpaid.    This presumption the evidence in this case failed entirely to rebut, and the court was correct in the special instruction given, that the burthen was upon the maker to show that the checks in question were given and received as payments on the note, and that no presumption could be made from such mere payments against the note in the hands of the holder.

To the general charge there was but a single exception, which was to the whole of it, and which of course is insufficient.    But, if it had been otherwise, the charge was unexceptionable so far as the defendant was concerned.

Besides the presumptions which the facts of the case gave rise to, there was some evidence tending directly to show that the sums of money represented by the checks were not given and received as payments on the note.    We refer to the testimony of the plantiff as to the admission made to her by the defendant when she presented the note to him for payment.    It is true that the defendant contradicted her, and introduced some testimony of a corroborating tendency by another witness; but it was for the jury to consider and determine the weight and credibility of such testimony.

The point that the answer sets up a counterclaim, and should have been replied to, seems to be abandoned, as well it might be. The answer avers payment as a defense, and contains nothing in the nature of a counterclaim so far as we can discover.

*By the Court.* — Judgment affirmed.