[L. A. No. 593—Department One.—Sept. 1, 1899.]

DAVID E. GRIFFITH, Appellant, v. M. LEWIN, Administrator, et cetera, Respondent.

ESTATES OF DECEASED PERSONS—ACTION UPON REJECTED NOTE—EVIDENCE — NONPAYMENT — PRIMA FACIE CASE — BURDEN OF PROOF.—In an action against the administrator of a deceased person upon a rejected note a *prima facie* case of nonpayment of the note is made by the introduction of the note in evidence, with the indorsements thereon, and proof of the signature of the decedent thereto, and of the due presentation of the claim and its rejection; and the burden of proof was thereby cast upon the defendant to prove by competent evidence that the note had been paid; or to raise a legal presumption of payment sufficient to rebut the *prima facie* case made by the plaintiff.

ID.—PRIOR AND SUBSEQUENT NOTES SECURED BY MORTGAGE—PRESUMPTIONS.—Mere proof that a note secured by mortgage had been executed by the deceased prior to the note in suit, and that a subsequent note and mortgage had been executed about a year and a half thereafter, for about the amount then due on the old mortgage and the note in suit, without any evidence that the new note and mortgage was in payment of the old, or as to the consideration thereof, or any evidence that either of the mortgages had any connection with the note in suit, cannot raise any presumption of payment of the note sued upon; but it must be presumed that if the note had been paid, it would have been delivered up. and it being found at the death of the decedent in possession of the plaintiff, it must be presumed that it had not been paid by the decedent.

ID.—SUBSEQUENT PAYMENTS BY DECEASED.—The note in suit having been indorsed with numerous payments in the handwriting of the deceased subsequently to the execution of the last mortgage, it cannot be presumed that the note was included in the last mortgage and settled thereby in the ordinary course of business.

ID.—RECEIPTS FOR MONEY NOT INDORSED.—Receipts given to the plaintiff by the deceased for money not indorsed on the note, should be such in their contents as to raise a presumption that the money included therein was money paid on the note.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellant.

The production of the note in evidence by the plaintiff was sufficient evidence of ownership and nonpayment to entitle plaintiff to recover, in the absence of proof of payment, the burden of which was upon the defendant. (*Turner v. Turner,* 79 Cal. 565; *Farmers' etc. Bank v. Christensen,* 51 Cal. 571; *Perot v. Cooper,* 17 Colo. 80; 31 Am. St. Rep. 258.)

F. A Dorn, and S. M. Swinnerton, for Respondent.

The burden is on the plaintiff to prove by a preponderance of evidence the allegation of nonpayment, when denied. (*Frisch v. Caler,* 21 Cal. 71; *Turner v. Turner,* 79 Cal. 565; *Davanay v. Eggenhoff,* 43 Cal. 395; *Scroufe v. Clay,* 71 Cal. 123; *Wise v. Hogan,* 77 Cal. 184; *Notman v. Green,* 90 Cal. 172; *Barney v. Vigoreaux,* 92 Cal. 631; *Bank of Shasta v. Boyd,* 99 Cal. 604; *Ryan v. Holliday,* 110 Cal. 335; *Wetmore v. San Francisco,* 44 Cal. 294.) Where there is some evidence of payment, the burden is with plaintiff on the issue of nonpayment, on the submission of the cause. (*Adams v. Slate,* 87 Ind. 576; *Grant v. Lexington Ins. Co.,* 5 Ind. 23; 61 Am. Dec. 73.) Any presumption of nonpayment from production of the note is met and dispelled by the presumption that the ordinary course of business has been followed. (Code Civ. Proc., sec. 1963, subd. 20; *Savings etc. Soc. v. Burnett,* 106 Cal. 514.) A presumption may be rebutted by a countervailing presumption. (*Adams v. State, supra; Grant v. Lexington Ins. Co., supra;* 19 Am. & Eng. Ency. of Law, 40, 52, 79.) Where "the question appears to be one of presumption, inference, probability, and conjecture, under such circumstances we will not disturb the court's best judgment as to the truth of the fact." (*Mills v. Home Ben. Life Assn.,* 105 Cal. 232, 235.)

COOPER, C.—Action to recover on a promissory note. Judgment for defendant. Plaintiff appeals from the judgment and from an order denying his motion for a new trial. The case is here on the judgment-roll and a bill of exceptions. The court below found that the note had been fully paid, and the plaintiff contends that this finding is not supported by the evidence and we think the contention will have to be sustained.

On May 22, 1893, John M. Hughes, now deceased, made his

promissory note to plaintiff for $1,174.35, due one year after date, with interest thereon until paid. On September 30, 1895, the said Hughes died, and defendant was in October, 1895, duly appointed administrator of his estate. In October, 1895, publication of notice to creditors was made by defendant as such administrator. The plaintiff in due time made out and presented his claim against said estate upon the said promissory note, which claim was rejected by the defendant.

The complaint contains a copy of the said note, alleges the due presentation of the claim and its rejection by defendant, and is verified. The answer, which is also verified, alleges that defendant has no information or belief as to the making and delivering of the note, and upon that ground denies that it was made and delivered as set forth in the complaint.

The answer also denies that the note has not been paid, and denies the presentation of the claim to the defendant. Plaintiff introduced in evidence the promissory note with the indorsements thereon, proved the signature of deceased thereto, and the due presentation of the claim and its rejection, and rested. This made out a *prima facie* case of nonpayment. (*Farmers' etc. Bank v. Christensen,* 51 Cal. 572; *Turner v. Turner,* 79 Cal. 566; *Ritter v. Schenk,* 101 Ill. 389.)

It being thus shown that the note was not paid, the burden was cast upon defendant to prove by competent evidence that it had been paid. The evidence on the part of the plaintiff raised a presumption of nonpayment, which in law entitled him to recover. The evidence on the part of the defendant must have been such, whether direct or by raising legal presumptions, as to rebut the *prima facie* case made by plaintiff. The only evidence offered by defendant is to the effect that on October 5, 1894, the deceased executed and delivered to plaintiff his promissory note secured by mortgage for $4,543.32. That on said last-named date there was due upon an old note and mortgage, executed by deceased to this plaintiff in 1891, the sum of about $3,200 or $3,300. There was no proof that the note and mortgage of October 5, 1894, was in payment of the old note and mortgage of 1891, and no evidence as to the consideration for the same, and it was not shown that either of the mortgages had any connection in any way with the note in controversy here.

Counsel for defendant in their brief, in a very ingenious manner, undertake to show by calculation that the note and mortgage of October 5, 1894, were for about the amount due on the old mortgage of 1891 and the note in this case, and insist that the presumption is that the note and mortgage of October 5, 1894, was in full settlement of the note in this suit. We do not think the law indulges in such imaginary presumptions. It is said we must presume "that the ordinary course of business has been followed." If so, we must presume that if deceased in his lifetime ever paid the note in this case that it was delivered up to him. If it had been delivered up to him we would have to presume that it had been paid (Code Civ. Proc., sec. 1963, subd. 9); but, as it was not delivered up, but was at his death in the possession of plaintiff, we must presume that it has not been paid. A promissory note in the possession of the payee after the death of the maker is an instrument of too solemn a nature to be adjudged as having been fully paid in the absence of proof or circumstances which raise a legal presumption of its payment. The uncontradicted evidence shows that at the time of the death of Hughes the note was in the possession of plaintiff's agent, Mr. Brown, with whom it had been since 1893. During the years 1894 and 1895 Mr. Brown made some twenty indorsements of payments in his own handwriting, amounting to over $600. These payments were all made and indorsed on the note after the making of the note and mortgage of October 5, 1894. It would not be considered the ordinary course of business for the payee of a note to keep it in his possession after it had been paid. It would certainly not be in the ordinary course of business for the maker of a note, after having once paid it, to continue making payments upon it for two years thereafter. The plaintiff was not permitted to testify against the estate of deceased, and the lips of deceased had been closed by death. The note, therefore, in the possession of plaintiff raises a presumption of nonpayment which, in the absence of testimony or legal presumptions from facts established by the testimony, entitles him to judgment.

The receipts offered in evidence by defendant are not described in such manner in the bill of exceptions as to enable us to even guess at what they were for. The date is not given nor

the contents of the receipts, nor any single fact from which a presumption can arise that the receipts were for money paid on the note. The statement shows that the defendant introduced in evidence "receipts aggregating $310.50, none of which receipts correspond in date or amount with the indorsements on the note."

Even if the amount was for money actually paid by deceased to be credited on the note, it would not change the result here because the amount is not sufficient to show that the note has been fully paid.

We advise that the judgment and order be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Van Dyke, J., Garoutte, J., Harrison, J.