ALICE V. P. EPPLY v. GEORGE B. VON PHUL ET AL.

1. PAYMENTS BY DEBTOR APPLIED TO DEBT SHOWN TO EXIST.

In the absence of equitable considerations, payments made by a debtor to a creditor without designating their application should be applied to the only debt shown to exist.

2. SUBSEQUENT PAYMENTS PRESUMED MADE IN EXTINGUISHMENT OF SAME DEBT AS EARLIER PAYMENTS.

Where the debt is in the form of a lien reserved in a deed, and specific application was made by the parties of the early payments to the extinguishment of the lien, subsequent payments in the absence of circumstances indicating the contrary will be presumed to have been made for the same purpose.

[Syllabus by the court.]

**L. W. Goss,** for plaintiff.

**N. M. Fridman,** for defendant.

**GIFFEN, J.**

The plaintiff in this case claims that a lien for $2,000, reserved in a deed for real estate executed and delivered in the year 1876, has

been paid in full. In support of this claim she offers in evidence certain receipts given by her son, Thomas H. Wood, the owner of the lien, in which it is specified that the payments were made upon the lien in question. Other receipts are offered in evidence in which no application is made of the payments thereby evidenced. These latter payments, if applied to the lien, would be sufficient to satisfy it in full. The sole question therefore, is whether payments made by a creditor to a debtor, without designating their application, shall be applied to the payment of the only debt shown to exist.

In the case of *Hansen* v. *Kirtley*, 11 Iowa 565, the last proposition of the syllabus is as follows:

"If A owes B a debt and pays him money, the law presumes in the absence of any agreement to the contrary that it was the intention to apply it to the payment of the debt."

In *Masser* v. *Bowen*, 29 Pa. St. 128 [72 Am. Dec. 619], the syllabus is as follows:

"A check drawn on one person in favor of another and paid to the latter is presumed to have been received on account of a debt shown to have existed at the time. The party alleging that it was not so received must produce such proof of the account upon which it was made as will change the presumption."

If we follow these decisions, it is clear that plaintiff, having shown payments of money sufficient to extinguish the debt, is entitled, in the absence of anything shown to the contrary, to have them so applied. But counsel for the administrator of the estate of Thomas H. Wood claims that the case of *Somervail* v. *Gillies*, 31 Wis. 152, is supported by the better reason and should govern in this case. The first two propositions of the syllabus are as follows:

"1. The presumption that a note is unpaid, arising from the payee's possession thereof, uncanceled, and unextinguished by indorsed payments, is not sufficiently met by showing payments of money by the maker to the payee, without further showing that there were no other dealings between the parties, upon which such payments might have been made.

"2. Where such absence of other dealings is shown, proof of moneys paid by the maker to the payee would create a strong and almost conclusive presumption that they were paid upon the note."

In that case the presumption that an outstanding note is still unpaid was founded upon well-known usages applied to such paper as,

shown by the reasoning of the judge at page 156; but no such custom exists or could apply to a lien reserved in a deed conveying real estate. It is claimed, however, that the lien should have been canceled of record, but it is not customary to reserve such lien, the ordinary practice being to take a mortgage back for the unpaid purchase money, the cancellation of which is provided for by statute. And although it may be proper to make a cancellation of a lien reserved in a deed upon the record thereof, the ordinary person would not know that such cancellation could be made. The failure, therefore, to make the cancellation upon the record could hardly amount to a presumption that the lien was still unpaid. The payments are numerous, some being in small amounts, and some large, most of them being made for the support and maintenance of Thomas H. Wood and his family, and the total amount being in excess of the lien, together with interest.

It would seem from this state of facts that the parties themselves probably did not know that the entire debt was paid, and, therefore, made no effort to have the lien canceled of record.

It is further claimed by counsel for the administrator, that inasmuch as some of the receipts specified that the payments be applied on the lien, the parties would have made the other receipts as specific if the payments were so intended to be applied. We do not accede to this proposition but on the other hand think that only one debt having been shown and the parties having made specific application of certain payments to its extinguishment, subsequent payments, in the absence of any circumstance to the contrary, would be presumed to be made for the same purpose. The precise question here involved has not been passed upon by our Supreme Court, but in the case of *Stewart v. Hopkins*, 30 Ohio St. 502, the fourteenth proposition of the syllabus is as follows:

"The creditor cannot divert a payment so made by his debtor, from the appropriation made by him, upon mere equitable considerations, that do not amount to an agreement between the parties giving the creditor a right to appropriate the payment otherwise than directed by the debtor, though mere equitable considerations may control, where the payment is made without designating its application."

In this case it is equitable that the debt be paid, and inequitable that a son and his family should be supported by his mother, and still claim that the money thus received by him should not be applied to the payment of a debt owing by the mother to him.

We are of opinion, therefore, that the receipts offered were evidence of the payment of the lien, and that the administrator of the

Hamilton County.

estate of Thomas H. Wood, deceased, is not entitled to the relief prayed for.

**Jelke** and **Swing, JJ.,** concur.