[S. F. No. 5266. In Bank.—January 11, 1911.]

E. S. LIGHT, Respondent, v. C.'A. STEVENS, (F. S. Crouch substituted) as Administrator of the Estate of Theodore A Light, Deceased, Appellant.

ACTION UPON NOTE AGAINST ADMINISTRATOR OF DECEASED MAKER — POSSESSION WITHOUT INDORSEMENTS—PRESUMPTION OF NON-PAYMENT—PRIMA FACIE CASE.—In an action upon a promissory note against the administrator of a deceased maker, the possession of the note by the plaintiff, without any indorsements of payment thereon, raises a presumption of its non-payment," and the production of such note in evidence makes a *prima facie* case for the plaintiff.

ID.—BURDEN OF PROOF OF PAYMENT.—The burden of proving the payment of such promissory note rests upon the defendant; and the administrator must introduce evidence which warrants the conclusion not only of the mere delivery of money to the payee of the note by the decedent, but the conclusion of the delivery of money on account of the particular obligation of the note in suit.

ID.—EVIDENCE OF PAYMENTS IN EXCESS OF NOTE—COUNTERCLAIM—PRESUMPTION OF OTHER MONEY DUE—CONCLUSIVENESS UPON JURY.— Where a banker for both parties testified to payments made by the deceased to plaintiff in excess of the amount due on the note in the sum of eighteen hundred dollars, and the lips of deceased and of the plaintiff are both sealed from testifying, and a counterclaim was interposed in favor of the estate in that sum, it must be presumed, under subdivision 7 of section 1963 of the Code of Civil Procedure, that the money covered by the counterclaim was due from the deceased to plaintiff, upon some other obligation, and where there is no evidence to contradict this presumption, the jury were bound to find according to such presumption, under section 1961 of the Code of Civil Procedure.

ID.—PAYMENT OF NOTE—PRESUMPTIONS—SUFFICIENCY OF EVIDENCE— QUESTIONS OF FACT FOR JURY.—In view of the presumptions arising from the possession of the note without indorsement, and that, if it had been paid, the ordinary course of business would have been followed for its surrender to the maker, it is held that notwithstanding evidence of payments more than sufficient to extinguish the note, the question of its non-payment was a question of fact for the jury, and it cannot be held, as matter of law, that any portion of the amount evidenced by the note was in fact paid by the debtor.

ID.—RULE AS TO PAYMENTS UPON DIFFERENT OBLIGATIONS—PRESUMPTION OF NON-PAYMENT OF NOTE NOT OVERCOME.—If two or more obligations are shown, and one of them is a note held by the payee, bearing no indorsement of payment, and there is nothing but the

mere payment of money which could have been applied upon either obligation, there would be nothing to overcome the presumption of non-payment of the note. The payer would not have satisfied the requirement of furnishing evidence warranting the inference that the payment was on account of the note, rather than on account of the other obligation or obligations.

ID.—RULE AS TO SINGLE OBLIGATION—PRESUMPTION OF PAYMENT.—If, on the other hand, it should be made affirmatively to appear that there was but one obligation or transaction, and a payment of money by the debtor to the creditor is shown, it would follow, by reason of the presumption that money paid was due to the payee, that the money was paid on account of that obligation.

ID.—ABSENCE OF EVIDENCE AS TO PLURALITY OF OBLIGATIONS—EXCESSIVE PAYMENTS—BURDEN OF PROOF.—Where there is an absence of evidence of a plurality of obligations, other than may arise from excessive payments, the defendant upon whom the burden of proof of payment rests, must introduce evidence tending to show that the money paid was on account of the particular debt in suit, rather than upon some other debt or transaction not involved in the action, sufficient to warrant such an inference.

ID.—PROOF WARRANTING INFERENCE—QUESTION OF FACT FOR JURY— LAW OF CASE LIMITED TO ADMISSIBILITY.—If proof is introduced warranting such inference, the question of payment is one of fact for the jury. Such proof is admissible as the law of the case upon the former appeal (*Light* v. *Stevens,* 8 Cal. App. 74) but the law of the case extends no farther; and the admitted evidence is for the consideration of the jury.

ID.—EVIDENCE TENDING TO SHOW PART PAYMENT—PREJUDICIAL INSTRUCTION.—Where there was evidence from which the jury might have found that two of the payments testified to were made upon the notes, without regard to what they may be bound to find, if acting upon their own judgment, it was prejudicial error for the court to instruct them that if they found for the plaintiff at all, they must return a verdict for the full face value of the note, with interest from its date.

ID.—SPECIFICATIONS OF ERROR IN INSTRUCTIONS—GENERAL SPECIFICATION IN STATEMENT—SUFFICIENCY.—Where the statement on motion for a new trial contains an attempted specification of the particular errors relied upon, but in regard to the instruction in question given at plaintiff's request, the specification is general that "the court erred in giving each and every instruction requested by plaintiff," it is held that though such general specification is not to be commended, it sufficiently notified plaintiff of the errors relied upon, as much so as if the statement had set forth in detail each and all of such instructions, and that under the circumstances it should be deemed sufficient.

CLIX Cal.—19

APPEAL from an order of the Superior Court of Napa County denying a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

E. S. Bell, and Bell, York & Bell, for Appellant.

Lynch & Drury, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant from an order denying his motion for a new trial in an action upon a promissory note for three thousand dollars, given by defendant's intestate to plaintiff on April 15, 1902. The case was tried by a jury and a verdict was rendered for the full amount of said note, with interest at the rate of seven per cent per annum from its date and for five hundred dollars attorney fees. The defense relied on by defendant was payment by the decedent in his life-time of the full amount of the note and interest.

This is the second appeal in this case. On a former trial, the trial court struck out certain evidence given by C. A. Stevens on behalf of the defendant for the purpose of showing payment, and on appeal the district court of appeal reversed the judgment on the ground that such evidence was competent and material on the question of payment. (*Light* v. *Stevens*, 8 Cal. App. 74, [103 Pac. 361].) On the second trial, such evidence was read to the jury, Mr. Stevens having died in the mean time, but notwithstanding the same a jury again found for the plaintiff in the full amount claimed, and the trial court denied a motion for a new trial.

It is claimed by defendant that there was no basis in the evidence for a conclusion that the note had not been fully paid.

Plaintiff made a *prima facie* case by producing and introducing in evidence the note in suit. The note bore no indorsement of any payment having been made thereon. The evidence of the wife of plaintiff showed that the note had been deposited with Mr. C. A. Stevens, who was a banker at Calistoga, for safe keeping, and that after the death of defendant's intestate, it had been delivered by Mr. Stevens to plaintiff in pursuance of several demands made by him therefor. The record must be taken as showing that at all times Mr. Stevens's possession

of the note was for plaintiff. This constituted all of the evidence in support of plaintiff's claim.

The evidence given by Mr. Stevens showed the following facts: Plaintiff, E. S. Light, and defendant's intestate, Theodore A. Light, were brothers. There were two other brothers, Ephraim and Marcus. Theodore was unmarried. He died May 20, 1904. He left an estate appraised at about eighteen thousand dollars, consisting in part of certain notes due him and three certificates of deposit for amounts aggregating $3,100, and in part of a vineyard at Calistoga. Both he and E. S. Light did business with Mr. Stevens, as a banker, for a number of years prior to his death. In April, 1902, one Richard Schmidt borrowed of Theodore six thousand dollars, giving him therefor the note of himself and wife, secured by mortgage. This loan was arranged through Stevens. To make it, Theodore borrowed three thousand dollars from E. S. Light, and the note in suit was given therefor. Subsequent to the giving of this note, Theodore paid certain amounts of money to plaintiff, as follows: On July 10, 1902, $1,250; on April 13, 1903, $1,408.65; on December 28, 1903, $2,000; on February 23, 1904, $300. The first and second of these payments were made by depositing the money in Stevens's bank and taking certificates of deposit in favor of plaintiff, which were on subsequent dates cashed by the latter. The third and fourth payments were made from Theodore's personal account at Stevens's bank on drafts drawn in favor of plaintiff. At the date of the second payment, April 13, 1903, Schmidt paid Theodore $2,517.63 on account of his note and mortgage. At the death of Theodore his personal effects other than the note in suit were taken possession of by plaintiff and his wife, and Mr. Stevens testified that plaintiff endeavored to induce him to cash the three certificates of deposit found among such personal effects, and asked him if he would not do so for a consideration, saying that he wished to get possession of the money so that his brother Ephraim would not get it. This evidence was not contradicted. There was no evidence bearing on the question whether there was ever any indebtedness on the part of Theodore to plaintiff other than the indebtedness evidenced by the note in suit, except such as was furnished, if any, by the payments by him to plaintiff of amounts aggregating more than the amount due on said note.

It will be observed that if the first two payments were made on the note in suit, the amount due thereon would have been reduced to less than five hundred dollars, and that the third payment, that of December 28, 1903, of two thousand dollars, was about $1,489 more than was necessary to pay the balance due on the note. On this evidence, defendant claims that the only possible conclusion is that the note was paid in full, and that his counterclaim for the surplus of about eighteen hundred dollars paid, based on the ground that the same was loaned by defendant's intestate to plaintiff, should have been sustained.

Defendant's contention in regard to the counterclaim is fully answered by the presumption declared by subdivision 7 of section 1963 of the Code of Civil Procedure, viz.: "that money paid by one to another was due to the latter." There is absolutely nothing in the evidence to contradict this presumption, and "unless so controverted the jury are bound to find according to the presumption." (Code Civ. Proc., sec. 1961.)

Upon the question of payment of the note, we think that the evidence must be held sufficient to support the verdict. Owing to the fact that the lips of one of the parties to the transaction are closed by death and those of the other party by the law, the evidence on this question is somewhat unsatisfactory. Nevertheless we believe that it sufficiently presented a pure question of fact for the jury, and that it cannot be held as matter of law that any portion of the amount evidenced by the note was in fact paid by the debtor.

Admittedly, the burden of proving payment of the note was on defendant. It is elementary that the possession of the note by the payee, bearing no indorsement of payment, raises a presumption of non-payment of any portion of the amount thereof. It is provided by our code that an obligation delivered up to the debtor is presumed to have been paid (Code Civ. Proc., sec. 1963, subd. 9), and the converse of this, viz.: That possession by the payee is *prima facie* evidence of non-payment, is universally held. (See *Turner* v. *Turner*, 79 Cal. 565, [21 Pac. 959]; *Griffith* v. *Lewin*, 125 Cal. 618, [58 Pac. 205].) This presumption is well supported by reason, and in the absence of proof of other facts reasonably warranting an inference of payment, must prevail. It is the ordinary course of business on the part of reasonably careful persons to require

the delivery of their written obligations upon discharge thereof, or if this cannot be obtained, to require some written evidence of the discharge, and it would be quite a departure from "the ordinary course of business" which is presumed to have been followed (Code Civ. Proc., sec. 1963, subd. 20), to pay the full amount due on a note without receiving the note from the payee or, if it cannot be delivered, some other evidence of payment. (*Griffith* v. *Lewin,* 125 Cal. 618, [58 Pac. 205].) The burden of proving payment resting on defendant, he must introduce evidence which warrants the conclusion of not only the mere delivery of money to the creditor, but the conclusion of the delivery of money *on account of the particular obligation in suit,* for this is involved in the term "payment" when applied to any particular obligation. This much seems very clear and is well supported by the authorities. The question about which there is more difficulty is as to what evidence warrants such a conclusion. While it is one of the presumptions declared by our code "that money paid by one to another was due to the latter," and was therefore paid on account of some legal obligation of the payer to the payee (see, also, Lawson's Law of Presumptive Evidence, p. 418), if two or more such obligations are shown, and one of such obligations is a note held by the payee bearing no indorsement of payment, and there is nothing but the mere payment of money which could have been applied upon either obligation, there would be nothing to overcome the presumption of non-payment of the note. The payer would not have satisfied the requirement of furnishing evidence warranting the inference that the payment was on account of the note rather than on account of the other obligation or obligations. (See *White* v. *White,* 19 Ky. Law Rep. 1590, [44 S. W. 83]; *Wessel* v. *Bishop,* 76 Neb. 74, [107 N. W. 220]; *Wells* v. *Ryan,* 84 Va. 341, [5 S. E. 21].) If, on the other hand, it is made to affirmatively appear that there was but one obligation or transaction, and a payment of money by the debtor to the creditor is shown, it would follow, by reason of the presumption that money paid was due to the payee, that the money was paid on account of that obligation. There is apparently some confusion in the authorities as to the situation where the only obligation of the debtor expressly shown is the one in suit, the debtor having failed to introduce evidence tending to show that there was no

other obligation, and there is nothing in the evidence bearing on that question. On the one hand it is strongly maintained that the burden is on the debtor to produce evidence warranting the inference that there was no other obligation or transaction on which the money paid might properly be applied (see *Somervail* v. *Gillies,* 31 Wis. 152; *Galbraith* v. *Starks,* 117 Ky. 915, [79 S. W. 1191] ; *Smith's Appeal,* 52 Mich. 415, [18 N. W. 185] ). while on the other hand it appears to be intimated that the payment being shown, the burden shifts to the payee to affirmatively show that there was some other obligation to which the money paid might properly be applied, and that in the absence of such showing the conclusion is inevitable that the payment was on account of the debt in suit. (*Murphy* v. *Richardson,* 33 Pa. St. 235; *Masser* v. *Bowen,* 29 Pa. St. 128, [72 Am. Dec. 619] ; *Jesse* v. *Davis, Admr.,* 34 Mo. App. 353.) We do not see how the reasoning of such opinions as those in *Somervail* v. *Gillies,* 31 Wis. 152; *Galbraith* v. *Starks,* 117 Ky. 915, [79 S. W. 1191], and *Smith's Appeal,* 52 Mich. 415, [18 N. W. 195], can be refuted, if we follow the rule that the burden of proof of "payment" is on the debtor. The real doctrine of those cases is simply that the person upon whom rests this burden of proof of payment must introduce evidence tending to show that the money paid was paid on account of the particular debt rather than upon some other debt or transaction not involved in the action, *evidence sufficient to warrant such an inference.* If such evidence be produced, the question of payment is one for the jury. The presumption of non-payment of a note, arising from the possession of the note is opposed by the evidence so introduced, and the issue is purely one of fact. In *Galbraith* v. *Starks,* 117 Ky. 915, [79 S. W. 1191], where it was held that the "debtor must show that the money was to be applied on such indebtedness, or at least that there was no other indebtedness," it was said that the mere passing of money from the debtor to the creditor may be a strong circumstance in determining whether it was intended and accepted as payment on the note, and that other slight circumstances might satisfy. For this reason such evidence is always admissible, as was held in the former appeal in this case, and practically nothing more than the question of the admissibility of such evidence was involved in the cases relied on by defendant which we have just cited. But such evidence

cannot *as matter of law* controvert the presumption of non-payment. It is to be noted that the statute nowhere declares that any presumption arises. from such evidence. Its sole effect, if sufficient to warrant an inference of payment on account of the debt in suit, is to make the question of payment on such debt one of fact for the jury. The opinion of the district court of appeal on the former appeal cannot be held to establish the law of the case to any greater extent than this, and the opinion of that court on this appeal clearly shows why the former opinion should not be construed as attempting to decide anything more than that the evidence stricken out was competent and relevant. We are satisfied that it must be held that the evidence we have set forth was such as to sufficiently support the finding of the jury that the defendant had not shown payment of any part of the obligation in suit. Prominent among the things tending to support such conclusion is, of course, the fact that the amounts paid were in the aggregate largely in excess of the amount of the note.

At the same time we think there was enough in the evidence, taking it as a whole and considering all of the circumstances, to support a conclusion that so far as was necessary to accomplish that result, the payments were on account of the note, and that the excess only was on account of some other obligation or transaction. The relation of the parties and the probable resulting confidence in each other therefrom, the apparent actual confidence in each other, the manner of payment of the amounts of money actually given by Theodore to plaintiff, the fact that Theodore was financially able to easily discharge this obligation and left several thousand dollars in certificates of deposit at his death, are circumstances that might properly influence the jury in arriving at such conclusion.

Especially is it true that such a conclusion would be warranted as to the first two payments which taken together did not exceed the amount due on the note. As to these payments the circumstance of a payment in excess of the amount due on the obligation shown does not exist, and these payments are so distinguished thereby from the last two payments that the jury would have been warranted in concluding that they were made upon the note and that the last two were wholly on some other obligation or transaction. And more especially would the conclusion of payment on the note be warranted as to the

second payment because of the fact that it was made upon the very day that a payment was made to Theodore on account of the Schmidt loan, to assist in making which plaintiff loaned Theodore the three thousand dollars, which constituted one half of the loan, and that the payment then made by Theodore to plaintiff was in amount a little over one half of the amount received by him from Schmidt.

It is further to be observed that if the jury were satisfied from the evidence that even one of the payments was made upon the note in suit, that fact would be a circumstance in support of the conclusion that all were so made, in view of the non-indorsement of such payment upon the note. Such non-indorsement of a payment actually made would tend to show a course of dealing in regard to this note that might satisfactorily account to the jury for the absence of any indorsement as to other payments or even the surrender of the note on its full payment.

In view of what we have said, it is clear, as decided by the district court of appeal, that the lower court erred in instructing the jury that if they found for the plaintiff at all, they must return a verdict for the full face value of the note, with interest thereon from its date. The effect of this was to require a verdict for plaintiff in the full amount claimed, even though the jury were satisfied that the first two payments or one of such payments had been made on the note. We have seen that the jury may have so concluded on the evidence, and in the face of this instruction we cannot assume that they did not so conclude. The evidence in the case is of such a nature that the error in giving this instruction must be held to have been prejudicial.

Plaintiff's main contention in reply to the claim of error in this behalf is that the giving of this instruction was not sufficiently specified as error in the statement on motion for new trial, the statute (Code Civ. Proc., sec. 659, subd. 3) providing that when errors in law are relied on "the statement shall specify the particular errors upon which the party will rely," and "if no such specification be made, the statement shall be disregarded on the hearing of the motion." The statement does contain an attempted specification of the particular errors relied on, but in regard to the instruction in question the only specification was the general one covering all of plaintiff's re-

quested instructions. It reads: "The court erred in giving each and every instruction requested by plaintiff." There were nine instructions so requested, and of these the giving of three others was specified elsewhere with more particularity. It cannot be doubted if defendant had severally specified as error the giving of each of the nine instructions requested by plaintiff, there would have been a sufficient compliance with the statute. While the omnibus method followed here is not a method that it would always be safe to adopt, we cannot see but that in this case it as clearly notified plaintiff as to the particular errors relied on as would a several specification as to each instruction. We are of the opinion that the specifications should, under the circumstances, be held sufficient. Plaintiff cites *Hall* v. *Susskind,* 120 Cal. 559, 566, [53 Pac. 46], in support of his contention. That case does not go to the extent of holding that such a specification as the one here involved will never be considered sufficient. The only assignment there was of errors "pointed out and designated in the foregoing transcript by exceptions Nos. 1, 2, 3, etc., to 25, and the court erred in each of its said rulings." This court was unable to find any exceptions in the transcript numbered in any manner. It was said simply that the specification "can scarcely be regarded as such a specification of particular errors as the statute requires" and "moreover, we have been unable to find an exception in the transcript numbered in any manner." The other cases relied on in this connection related to the question of sufficiency of statement of claim of error in printed briefs of counsel.

The order denying a new trial is reversed.

Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.