117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Richard Edwin JOB, Jr., Debtor.
WELLS FARGO BANK, N.A., Plaintiff-Appellant,
v.
Richard E. JOB; Eugene J. Albertini; Chronometrics
Financial, Inc.; Chronometrics, Inc.;
Chronometrics Manufacturing, Inc.,
Defendants-Appellees.
Nos. 95-56752, 96-56282, CC-94-1177-HMV, CC-94-1505-HMV.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1997.**
Decided July 1, 1997.
 
 1
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and HOGAN,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 We must decide if there is a genuine issue of material fact regarding whether Wells Fargo Bank's loan to Chronometrics Financial, Inc. ("Chron-Financial") was paid. Since the parties are familiar with the facts, we will not recite them here.
 
 
 4
 * Summary judgment in favor of the three corporate defendants was error because each of those corporations has had its powers, rights, and privileges suspended. Nothing in the record indicates that any of the corporations has been reinstated. A suspended corporation not shown to be reinstated lacks the right or capacity to defend an action or to appeal from an adverse decision. Traub Co. v. Coffee Break Service, Inc., 425 P.2d 790, 792 (Cal.1967); Boyle v. Lakeview Creamery Co., 68 P.2d 968, 970 (Cal.1937); see Cal. Rev. & Tax Code § 23301.5 (West 1997). On remand, unless the bankruptcy court determines that the corporations have been reinstated, judgment against them is appropriate. Gar-Lo, Inc. v. Prudential Savings & Loan Assn., 116 Cal.Rptr. 389, 390 (Ct.App.1974).
 
 II
 
 5
 The defendants bear the burden of proving payment. Light v. Stevens, 113 P. 659, 660-61 (Cal.1911); Melone v. Ruffino, 62 P. 93, 94-95 (Cal.1900); Giesler v. Berman, 86 Cal.Rptr. 205, 211 (Ct.App.1970). Because Wells Fargo has possession of the uncancelled promissory note, California law creates a presumption of nonpayment. This presumption disappears once the defendants present evidence of payment and the question then becomes one of fact for resolution by the factfinder. Cal. Evid.Code § 604. Contrary to Wells Fargo's argument, the factual question of payment does not necessarily preclude summary judgment. If the defendants have produced evidence of payment sufficient to satisfy their burden of proof at trial, Wells Fargo must demonstrate that there is a genuine issue of material fact by identifying specific evidence of nonpayment.
 
 
 6
 After reviewing the evidence, however, we conclude that Wells Fargo has adduced such evidence and that there remains a genuine issue of material fact over payment. The declarations from Richard Job, Eugene Albertini and Larry Furiani provide indirect evidence of payment, but none provides direct evidence of payment beyond Furiani's simple statement that "I know that the pay-off was made to Wells Fargo...." Furiani neither states that he made the payment nor explains the basis for his knowledge.
 
 
 7
 The indirect evidence of payment is conflicting. The defendants claim that $100,000 in security was released, while Wells Fargo has documentary evidence showing that the certificates of deposit secured a separate line of credit and that the Chron-Financial line was unsecured. Moreover, under the guaranty agreements, Wells Fargo was legally entitled to release any security without waiving its right to payment. Next, although the defendants claim that they were informed that the loan was paid, Wells Fargo has the uncancelled promissory note, has documentary evidence of delinquency, and sent demand letters to the defendants in 1984. A reasonable factfinder could disbelieve Job, Albertini, and Furiani, and could rely on the documentary evidence to find nonpayment. Summary judgment was therefore improper; this factual dispute must be resolved at trial.
 
 III
 
 8
 Wells Fargo is not estopped from seeking payment. There is a genuine dispute as to whether the $100,000 certificate of deposit secured the Chron-Financial loan. Furthermore, the guaranty agreements each expressly provided that Wells Fargo could hold or release any security without affecting the guarantor's liability under the guarantee. As a matter of law, the guarantors could not reasonably rely on a release of security as evidence of payment. The BAP erred when it ruled that Wells Fargo was estopped.
 
 IV
 
 9
 Because summary judgment was improper, the defendants are not prevailing parties. We therefore do not address the merits of the appeal from the attorney's fees decision.
 
 V
 
 10
 In case number 95-56752, the decision of the BAP is REVERSED and the case is REMANDED for proceedings consistent with this decision.
 
 
 11
 In case number 96-56282, the decision of the BAP is VACATED and the case is REMANDED for proceedings consistent with this decision.
 
 
 
 **
 The panel unanimously finds this case appropriate for submission on the briefs pursuant to Fed. R.App. P. 34 and Ninth Circuit Rule 34-4
 
 
 **
 * Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3